ANTONIO C. KING *vs.* JAMES T. MALONE ET ALS.

First Judicial District, Hartford, January Term, 1917.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A joint and several bond by three obligors, two of whom were described as principals and one as surety, was given in substitution of property attached in an action against the two persons named in the bond as principals. This bond was conditioned to be void if the principals therein named should pay any judgment that might be rendered against them "or either of them" in the attachment suit, or, in default of any such payment, if they should pay, to the officer having the execution issued on such judgment, the actual value of the interest, not exempt from attachment and execution, of the principals in the attached property at the time of the attachment. Prior to the trial of that case, one of the persons named as a principal in the bond was dropped as party defendant, and subsequently judg-

King *v.* Malone.

ment was rendered against the other, but without satisfaction. In an action upon the bond against the three obligors, it was *held* that it made no difference to them whether the judgment in the original suit was rendered against one or against both of the defendants therein, and therefore dropping one of them as a defendant did not release him nor the surety from their obligations under the bond, nor did it in any way increase the liability of either thereon.

Pending the trial of this action, one of the principals died and his death was suggested on the record, but his personal representative was not summoned in as codefendant. *Held* that under the existing rule and statute (Practice Book, 1908, p. 237, § 119; General Statutes, § 1132) an action might be maintained against one or more of the parties, the bond being a joint and several obligation, and that upon the death of one of the defendants the plaintiff might proceed to judgment against the others; and therefore that the plaintiff's failure to summon in the personal representative of the decedent did not discharge the other defendants from liability.

The release of a principal upon a bond, or of a misjoinder or non-joinder of parties, if relied upon as matter of defense, should be pleaded.

In the present case the parties were at issue as to the demand of the officer on execution, and as to whether the property attached in the original action was exempt as "implements of the debtor's trade." *Held* that under these circumstances the parties were entitled to have those questions heard and decided, and that the trial court erred in summarily dismissing the case upon the ground that the dropping of one of the defendants in the original action had relieved the other obligors of all liability on the bond.

Argued January 3d—decided January 25th, 1917.

ACTION upon a joint and several attachment bond, brought to and tried by the Superior Court in Hartford County, *Case, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *Error and cause remanded.*

*Louis Y. Gaberman,* for the appellant (plaintiff).

*John W. Coogan* and *Royal W. Thompson,* for the appellees (defendants).

THAYER, J.   This action was brought against Malone, Mullaly and Maher as makers, jointly and severally,

of a bond for $2,500 to the plaintiff. The bond, a copy of which is made a part of the complaint, describes the first two named as principals and the last-named as surety. It was given in substitution for an attachment made in an action by the present plaintiff against Malone and Mullaly. The property attached belonged to Malone and was released upon the giving of the bond. Some months after the attachment was released Mullaly was dropped as a party in that action, by a written stipulation entered into and signed by the attorneys for all of the parties of record in that cause, which was filed and became a part of the record therein. The cause was heard later, and resulted in a substantial judgment in favor of the plaintiff against Malone, upon which execution was issued and returned wholly unsatisfied.

The bond here in question was conditioned to be void if the defendants in the former action should pay any judgment which should be rendered therein against them, or either of them, or in default of such payment should pay to the officer having the execution issued on such judgment the actual value of the interest, not exempt from attachment and execution, of Malone and Mullaly in the attached property at the time of the attachment.

The complaint in the present case sets out the foregoing facts, and avers that the officer having the execution demanded of the defendant Malone payment of the judgment, and also made demand upon Mullaly and Maher for the payment of the actual value of the property covered by the attachment for which the bond was substituted, and that all refused to pay. The defendants' answer, as a first defense, admitted all the allegations of the complaint except the one just named as to the demand of the officer and refusal of the obligors in the bond to pay the value of the attached property,

and, as a special defense, alleged that the attached property consisted only of implements of the debtor, Malone's, trade, which were exempt from attachment and execution. A reply denying the allegations of the special defense was filed, and some time later the plaintiff's attorney filed in the case a document reading as follows: "The defendant James T. Malone having deceased since the bringing of the above action in his name as party defendant is hereby dropped from said cause. Plaintiff, by Stewart N. Dunning, His Attorney."

Upon the pleadings stated, of which the record in the original action formed a part, the case came on for hearing, and the court, upon the pleadings and facts shown by such record, dismissed the action on the ground that Maher's obligation was entered into while Mullaly was a party to the former action, was conditioned on that fact, and became ineffective on Mullaly's discharge from responsibility in that action under the stipulation voluntarily assented to in writing by the plaintiff's attorney and through no compulsory action of the court.

We think that the facts did not justify this summary dismissal of the action. The parties were at issue upon two questions of fact, namely, whether the officer having the execution made the demands alleged, so as to fix the liability of the defendants, and whether the attached property was exempt from attachment and execution as implements of Malone's trade. These questions the parties were entitled to have heard and decided upon the pleadings, if the court had jurisdiction of the action. Matters of defense, like the release of a principal upon a bond, or of misjoinder or nonjoinder of parties, are to be taken advantage of by pleading. Suppose it were true that the dropping of Mullaly as a party defendant in the original action, in the manner

above stated, released him from liability as a principal on the bond in suit so that Maher was also released; had the defendants in this suit pleaded such release, it is possible that it might be shown that such release or dropping of Mullaly as a party defendant was with the consent of Maher, the surety in the bond. It was a question, therefore, to be raised by pleadings.

But we are clear that the dropping of Mullaly as a party in the former action did not release either him or Maher from their obligations under the bond. The bond was a joint and several obligation, and the three obligors jointly and severally bound themselves to pay to the plaintiff the actual value of Malone's interest in the attached property not exempt from attachment, if the conditions of the bond were not fulfilled. If Malone and Mullaly paid any judgment which was recovered against them or either of them in the former action, or, in default of such payment, paid to the officer having the execution the actual value of Malone's interest in the attached property, the bond was to be void. Thus, under the terms of the condition, both Malone and Mullaly, to save themselves and their surety from liability on the bond, were bound to pay not only any judgment which might be rendered against both of them, but any judgment which might be rendered against either of them, or, failing in that, to pay the officer having the execution on any such judgment the value of Malone's interest in the attached property. It made no difference, therefore, to Mullaly's obligation, or to Maher's, whether plaintiff's judgment, if rendered, should be against Malone, or against Mullaly, or against both. In either case, if the two principals in the bond failed to pay either the judgment or the value of Malone's interest in the attached property, to the officer on the execution, all three of the obligors would be bound to pay the value

of the attached property to the plaintiff on the bond. Dropping Mullaly from the case, therefore, in no way increased the liability of either on the bond. Dropping him as a defendant did not drop him from the bond, but he and Malone, as principals, still remained liable upon it, and recourse to them can still be had by the surety, Maher, if he is compelled to pay. *Dalton* v. *Barnard,* 150 Mass. 473, 475, 23 N. E. 218. As dropping Mullaly did not release him from his liability on the bond, the fact that the plaintiff was active in causing him to be dropped is of no importance. It would only be of importance had his act released the principal from liability, in which case the surety would also have been released. The court was wrong, therefore, in dismissing the case upon the ground stated.

The defendants, however, say that, Malone having died since the present suit was brought, and his death having been suggested on the record and his name dropped therefrom, the plaintiff cannot proceed with the action without citing in the personal representative of Malone; and having failed to do this, has released Malone and his estate as one of the principals on the bond, and so has released the surety, and therefore that the dismissal of the action was correct.

The defendants base their claim that the action could not proceed after Malone's death without citing in his executor or administrator, upon the old rule that upon a joint and several contract the plaintiff must elect to proceed against all the obligors jointly, or against a single one only. Practice Book (1908) p. 237, § 119, provides that persons severally and immediately liable on the same obligation or instrument, may all, or any of them, be joined as defendants, and a joint judgment may be rendered against those so joined. This permits an action against all or against one or more of the parties to a joint and several obligation, and where, pend-

ing action, one of the defendants dies, the action does not abate, but, the death being suggested on the record, the action may proceed. Practice Book, p. 199, General Statutes, § 1132. The death of Malone pending the present action did not abate the action therefore, but, the death having been suggested on the record, the plaintiff may proceed to judgment against the surviving defendants, and the plaintiff's failure to summon in the administrator or executor of Malone, if such there be, did not have the effect to discharge the remaining defendants from their liability on the bond.

There is error and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.