IN RE APPLICATION FOR PRO HAC VICE ADMISSION
OF STEVEN F. REICH
(AC 25195)

Lavery, C. J., and DiPentima and McLachlan, Js.

Argued April 22—officially released June 22, 2004

*Nancy A. Fitzpatrick*, with whom, on the brief, was *Hugh F. Keefe*, for the appellant (Peter Ellef).

*Cynthia S. Arato*, pro hac vice, with whom were *Mary Anne O'Neill*, and, on the brief, *Richard D. Tulisano*, for the appellee (select committee of inquiry to recommend whether sufficient grounds exist for the House of Representatives to impeach Governor John G. Rowland pursuant to article ninth of the state constitution).

LAVERY, C. J. Peter Ellef[1] appeals from the trial court's order granting the motion of attorney Richard D. Tulisano, chief of staff to the Connecticut House Democratic caucus, and attorney Mary Anne O'Neill, chief counsel to the Connecticut House Republican caucus, for pro hac vice admission of Steven F. Reich[2] to serve as special counsel to the select committee of inquiry to recommend whether sufficient grounds exist for the House of Representatives to impeach Governor John G. Rowland pursuant to article ninth of the state constitution (select committee). The dispositive issue in this appeal is whether the appeal should be dismissed for lack of subject matter jurisdiction because Ellef was not a party to the underlying pro hac vice proceeding.[3] We answer the question in the affirmative and, therefore, dismiss the appeal.

The record reveals the following undisputed facts. On January 26, 2004, the House of Representatives passed

---

[1] Ellef is a former cochief of staff to Governor John G. Rowland.

[2] Reich is an attorney with the New York law firm of Manatt, Phelps and Phillips, LLP.

[3] On March 29, 2004, this court, sua sponte, ordered the parties to address the following issues in their briefs: "(1) Should the appeal be dismissed for lack of subject matter jurisdiction because Ellef was not a party to the underlying proceeding seeking permission for Steven F. Reich to serve as special counsel to the Select Committee of Inquiry of the House of Representatives pursuant to House Resolution 702? See *State* v. *Salmon*, 250 Conn. 147, 162 [735 A.2d 333] (1999) [en banc];

"(2) Should the appeal be dismissed for lack of subject matter jurisdiction because Ellef was not aggrieved by the trial court's grant of permission for Steven F. Reich to serve as special counsel to the Select Committee of Inquiry of the House of Representatives pursuant to House Resolution 702? See *State* v. *Salmon*, [supra, 250 Conn. 162]; see also *Hunt* v. *Guimond*, 69 Conn. App. 711, 716 [796 A.2d 588] (2002)."

The parties also addressed the following additional issues in their briefs: (1) Should the appeal be dismissed for lack of subject matter jurisdiction because General Statutes § 51-88 (d) renders the appeal moot and (2) did the trial court abuse its discretion in granting Reich pro hac vice admission because there were no pending court proceedings.

House Resolution No. 702,[4] which created the select committee "to conduct a comprehensive investigation relating to misconduct by Governor John G. Rowland, and submit its findings and recommendations to the House of Representatives, including whether sufficient grounds exist for the House to exercise its power to impeach [the governor] pursuant to Article Ninth of the state constitution. . . ." The resolution authorized the select committee to "hire special counsel and such other personnel as may be necessary to carry out [its] responsibilities . . . ." See footnote 4.

[4] "House Resolution 702

"RESOLUTION APPOINTING A SELECT COMMITTEE OF INQUIRY TO RECOMMEND WHETHER SUFFICIENT GROUNDS EXIST FOR THE HOUSE OF REPRESENTATIVES TO IMPEACH GOVERNOR JOHN G. ROWLAND PURSUANT TO ARTICLE NINTH OF THE STATE CONSTITUTION.

"Resolved by this House:

"Section 1. That the Speaker of the House shall appoint a select committee of ten members of the House of Representatives, and name two co-chairpersons from among the ten members, one of whom shall be named by the Speaker upon the recommendation of the House Minority Leader, to conduct a comprehensive investigation relating to misconduct by Governor John G. Rowland, and submit its findings and recommendations to the House of Representatives, including whether sufficient grounds exist for the House to exercise its power to impeach Governor John G. Rowland pursuant to Article Ninth of the state constitution.

"Sec. 2. That the Speaker shall refer to said select committee this resolution, with instructions to (a) organize, adopt rules and procedures, and hire special counsel and such other personnel as may be necessary to carry out the select committee's responsibilities; (b) review and investigate the facts and circumstances relating to misconduct of Governor John G. Rowland; and (c) submit to the House of Representatives its findings and recommendations in the form of a final report, including, if it concludes such action is warranted, articles of impeachment describing the acts or omissions with which Governor John G. Rowland is charged.

"Sec. 3. That the select committee shall have all the powers of any committee of the General Assembly under section 2-46 of the general statutes, and may meet while either chamber of the General Assembly is in session.

"Sec. 4. That the select committee shall continue in existence after the adjournment sine die of the January 26, 2004 Special Session of the General Assembly.

"Sec. 5. That the select committee shall submit its final report to the House of Representatives no later than April 14, 2004, provided, however,

On February 17, 2004, Tulisano and O'Neill filed a motion seeking immediate admission pro hac vice of Reich to serve as special counsel to the select committee. The court granted the motion on an interim basis, pending a hearing scheduled for February 20, 2004. On that date, Tulisano and O'Neill filed an amended motion for pro hac vice admission of Reich,[5] which, after a hearing, the court granted. Ellef now appeals from that order.

Ellef claims that this court has subject matter jurisdiction over his appeal despite the fact that he was not a party to the underlying pro hac vice proceeding. The gravamen of his claim is that the circumstances in the present case warrant an exception to the principle enunciated in *State* v. *Salmon*, 250 Conn. 147, 152, 735 A.2d 333 (1999) (en banc), that "review by way of appeal pursuant to [General Statutes] § 52-263[6] is available only to parties to an underlying action." We are not persuaded.

"A threshold inquiry of this court upon every appeal presented to it is the question of appellate jurisdiction.

the select committee may request from the Speaker at her discretion one-week extensions beyond April 14, 2004."

[5] The amended motion was identical to the original motion, except that it included the following additional statement: "Consistent with the requirements of Rule 2-16 (2) of the Connecticut Superior Court Rules, either Mr. Tulisano or Ms. O'Neill, both of whom are members of the Connecticut Bar, will be present at all proceedings and will sign all pleadings, briefs and other papers and assume full responsibility for them and for the conduct of the cause and of Mr. Reich."

[6] General Statutes § 52-263 provides: "Upon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9."

. . . It is well established that the subject matter jurisdiction of the Appellate Court . . . is governed by . . . § 52-263, which provides that an *aggrieved party* may appeal to the court having jurisdiction from the *final judgment* of the court." (Citation omitted; emphasis in original; internal quotation marks omitted.) *King* v. *Sultar*, 253 Conn. 429, 434, 754 A.2d 782 (2000).

In *State* v. *Salmon*, supra, 250 Conn. 155, our Supreme Court considered whether a bonding agency, which was not a party to the underlying criminal action, could appeal pursuant to § 52-263, from the trial court's order to forfeit its bond. The court concluded that the bonding agency, as a nonparty, had no such right to appeal. Id., 162. Following a lengthy discussion regarding the parameters of the "party" requirement of § 52-263, the court in *Salmon* concluded that the term party is limited to parties to the underlying action.[7] The court went on to adopt "a bright-line test requiring the appellant, in order to establish a right of appellate review pursuant to § 52-263, to establish in the following sequence that: (1) it was a party to the underlying action; (2) it was aggrieved by the trial court decision; and (3) the appeal is from a final judgment." Id., 162–63.

In the present case, Ellef concedes that he was not a party to the underlying pro hac vice proceeding. More-

[7] In so holding, the Supreme Court overruled certain of its precedents "[t]o the extent that those precedents imply that a person or legal entity that is not a party to the underlying action constitutes a party for purposes of appellate review pursuant to § 52-263 . . . ." *State* v. *Salmon*, supra, 250 Conn. 155. We note, however, that in *King* v. *Sultar*, supra, 253 Conn. 436, the Supreme Court stated that "*Salmon* did not overrule [its] long line of earlier cases in which [it] considered the appeals of would-be intervenors." The court went on to conclude that the denial of a motion to intervene filed by a person with a colorable claim to intervention as a matter of right is a final judgment for purposes of appeal and that the proposed intervenor is a "party" for purposes of § 52-263. Id.

In the present case, Ellef did not file a motion to intervene to become a party to the underlying pro hac vice proceeding, and, therefore, he cannot be considered a "would-be" intervenor. Accordingly, *King* v. *Sultar*, supra, 253 Conn. 429, is inapposite.

over, we are not persuaded that the circumstances here warrant an exception to the "party" requirement of § 52-263.[8] As a nonparty, Ellef might have filed a writ of error to seek review,[9] but he has no right to appellate review under § 52-263.[10]

Even if we were to assume that Ellef was a party, he would still have to establish that he was aggrieved in order to satisfy the requirements of *Salmon.* "The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all the members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been specially and injuriously affected by the decision. . . . Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Citations omitted; internal quotation marks omitted.) *Bongiorno Supermarket, Inc.* v. *Zoning Board of Appeals*, 266 Conn. 531, 539, 833 A.2d 883 (2003).

Ellef claims to be aggrieved because he has a "specific personal and legal interest in not being summoned to

[8] Even if we were persuaded that an exception to the party requirement should be created in this instance, we could not do so because, as an intermediate appellate court, we are bound to follow *Salmon.* See *Novicki* v. *New Haven*, 47 Conn. App. 734, 742, 709 A.2d 2 (1998).

[9] If Ellef had filed a writ of error, he would have been required to show that he was aggrieved by the court's order. See *Seymour* v. *Seymour*, 262 Conn. 107, 110, 809 A.2d 1114 (2002). As we have explained, we conclude that Ellef was not aggrieved.

[10] We note that in light of our determination that Ellef is not entitled to appeal because he was not a party to the underlying pro hac vice proceeding, it is unnecessary to consider the other requirements of *Salmon* or the remaining issues raised in the appeal. See *State* v. *Salmon*, supra, 250 Conn. 163 n.15. We nevertheless briefly discuss the issue of aggrievement.

respond to subpoenas that are the result of [Reich's] unauthorized practice of law." He argues that he is aggrieved by the court's order because the select committee served him with a subpoena pursuant to the advice of Reich, who is not authorized to practice law in Connecticut.[11] His sole claim of aggrievement therefore rests on an act that, he argues, stemmed from the court's order admitting Reich pro hac vice.

Ellef's argument is flawed in that he possessed no legally protected interest, special and unique to him, that was adversely affected by the court's ruling. His claim of injury stems from having been served with the subpoena, but the ruling that he challenges is the court's order permitting Reich to practice law in this state. Ellef's contention that Reich's admission *caused* him to be served with the subpoena is purely speculative, because he may have been served with a subpoena by the select committee even if Reich were not granted pro hac vice status. Furthermore, any interest that he may have had in preventing Reich from engaging in the unauthorized practice of law was not a "specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all the members of the community as a whole." (Internal quotation marks omitted.) *Bongiorno Supermarket, Inc.* v. *Zoning Board of Appeals*, supra, 266 Conn. 539. Accordingly, even if Ellef were a party to the pro hac vice proceeding, he was not aggrieved by the court's ruling.

---

[11] We note that our examination of the record reveals that the subject subpoena is not part of the trial record. Moreover, the record contains nothing to substantiate the defendant's contention that Reich advised the select committee with respect to the issuance of the subpoena. "In deciding a case, this court cannot resort to matters extraneous to the formal record, to facts which have not been found and which are not admitted in the pleadings, or to documents or exhibits which are not part of the record." *State* v. *Evans*, 9 Conn. App. 349, 354, 519 A.2d 73 (1986).

We conclude that pursuant to § 52-263 and *State* v. *Salmon,* supra, 250 Conn. 147, Ellef's appeal must be dismissed for lack of subject matter jurisdiction.

The appeal is dismissed.

In this opinion the other judges concurred.