STATE OF CONNECTICUT *v.* MICHAEL V. MISENTI
(AC 28872)

McLachlan, Lavine and McDonald, Js.

Argued October 29, 2008—officially released February 10, 2009

*Jeremy S. Donnelly*, for the appellant (defendant).

*Raheem L. Mullins*, deputy assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Terri L. Sonnemann*, assistant state's attorney, for the appellee (state).

*Opinion*

MCDONALD, J. The defendant, Michael V. Misenti, appeals from the judgment of the trial court revoking his probation. On May 23, 2007, after a probation revocation hearing, the court sentenced the defendant pursuant to General Statutes § 53a-32 to ten years of imprisonment, execution suspended after two years, followed by ten years of probation. On appeal, the defendant claims that the revocation of his probation was sought improperly in retaliation for his having filed motions to withdraw his guilty pleas and to modify his probation and that the evidence presented at his revocation hearing was insufficient to support the court's finding.[1] We affirm the judgment of the trial court.

---

[1] He also claims that this court should allow him to withdraw his guilty pleas. We decline to review this claim because it is not properly before us. See *Rocque* v. *DeMilo & Co.*, 85 Conn. App. 512, 526, 857 A.2d 976 (2004).

"[U]nless the jurisdiction of this court is properly invoked, we cannot exercise our appellate jurisdiction." Id., 527. This court is reluctant to dismiss appeals for technical deficiencies in an appellant's appeal form, but it will not entertain a claim containing a defect of substantive dimension. Id. If an appellant desires to have this court review a court order granting or denying a motion, an appeal form indicating that intention must be filed. Id. In this

The following facts and procedural history are relevant to our resolution of the defendant's appeal. On September 8, 2004, the defendant entered pleas of nolo contendere to one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (2) and one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a.[2] At that time, the prosecutor informed the court that on November 22, 2003, the defendant was in contact via the Internet with the victim, a fourteen year old boy. The defendant and the victim arranged to have the defendant come over to the victim's house that night at approximately 11:50 p.m. The victim and the defendant kissed, but the victim pulled away when the defendant touched the victim's buttocks. The defendant then put his mouth on the victim's penis. At that point, the victim asked the defendant to leave, and the defendant did so.

On January 20, 2005, following a presentence investigation, the court sentenced the defendant to ten years of imprisonment, execution suspended, and ten years of probation. The court expressly informed the defendant that the terms of his probation require him to "go

case, the defendant moved to withdraw his pleas on May 8, 2006. The court, *Ward, J.*, denied that motion on August 29, 2006. The defendant's probation revocation hearing took place before the court, *White, J.*, on May 17, 2007, and the court issued its ruling and sentenced the defendant on May 23, 2007. The defendant filed this appeal on June 1, 2007. The defendant's appeal form states that the appeal challenges the May 17, 2007 judgment of the court, *White, J.*, finding that the defendant violated his probation. The defendant's appeal form does not refer to the August 29, 2006 judgment of the court, *Ward, J.*, denying his motion to withdraw his pleas. Furthermore, although the defendant's appeal was filed within the twenty day period to appeal from the judgment revoking his probation, it was filed approximately eight months after the expiration of the period to appeal from the judgment denying his motion to withdraw his pleas. See Practice Book § 61-5. These defects were of substantive dimension and deprive this court of jurisdiction to entertain the defendant's claim. See *Rocque* v. *DeMilo & Co.*, supra, 85 Conn. App. 527–28. We accordingly do not entertain this claim.

[2] In accordance with General Statutes § 54-86e, all information that could be used to identify the victim will be kept confidential.

through" sex offender counseling, which will require him to "admit something."

At the revocation of probation hearing, the court heard evidence that on May 1, 2006, while beginning sex offender counseling, the defendant refused to discuss the details of his underlying offense with his counselor. The court heard evidence that on May 2, 2006, the defendant told Christopher Stoppa, his probation officer, that his attorney advised him not to discuss the case. Further, on May 3, 2006, Stoppa spoke with John T. Forrest, the defendant's attorney at that time, who stated that he was filing a motion to withdraw the defendant's pleas on the basis of an insufficient canvass and that Forrest wanted the office of adult probation to allow the defendant to delay his treatment until the court resolved the motion. Stoppa told Forrest that the office of adult probation was obligated to evaluate the defendant for sex offender treatment and that if the defendant continued his unwillingness to comply, Stoppa would seek to have the defendant's probation revoked.

The court also heard evidence that on May 8, 2006, the defendant filed motions to withdraw his guilty pleas and to modify the terms of his probation. Thereafter, on May 12, 2006, Stoppa received a letter from Kate Tufano, of the center for the treatment of problem sexual behavior, advising him that the defendant had filed those motions. In the letter, Tufano concluded that the defendant could no longer participate in sex offender treatment. Further, on May 22, 2006, Stoppa signed the arrest warrant affidavit for the defendant's probation violation and applied for an arrest warrant charging that the defendant had violated his probation.

On May 23, 2007, following a probation revocation hearing, the court ruled that the defendant had violated the condition of his probation requiring his cooperation

with sex offender treatment. The court then revoked the defendant's probation and sentenced him to ten years of imprisonment, execution suspended after two years, followed by ten years of probation. This appeal followed.

I

The defendant claims on appeal that his probation officer improperly sought to revoke his probation in retaliation for having filed motions to modify the conditions of his probation and to withdraw his guilty pleas. The defendant argues that this violated his rights under the first amendment to the United States constitution, applicable to the states through the due process clause of the fourteenth amendment, and article first, §§ 10 and 14, of the Connecticut constitution, which guarantee citizens the right to petition their government and to seek redress for injuries they claim they have sustained.

The defendant's claim was not preserved at trial for our review, as the defendant did not bring his claims to the attention of the court during his probation revocation hearing. "Any party intending to raise any question of law which may be subject to an appeal must either state the question distinctly . . . in a written trial brief . . . or state the question distinctly . . . on the record . . . ." Practice Book § 5-2. "We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial *and was ruled upon and decided by the court* adversely to the appellant's claim." (Emphasis in original; internal quotation marks omitted.) *In re Emerald C.*, 108 Conn. App. 839, 852 n.9, 949 A.2d 1266, cert. denied, 289 Conn. 923, 958 A.2d 150 (2008). Our Supreme Court has held that this rule applies to constitutional issues. *Statewide Grievance Committee* v. *Whitney*, 227 Conn. 829, 846, 633 A.2d 296 (1993).

The defendant argues that his claim was "functionally" raised at the probation revocation hearing because at that hearing he established that a revocation of probation was not sought until after his motions were filed. We conclude that this evidence merely established the sequence of events. Although our Supreme Court has sometimes reviewed claims that it found were raised "functionally" before the trial court, it has done so only when a similar claim was raised in the trial court and the record was adequate to review the claim. See *Salmon* v. *Dept. of Public Health & Addiction Services*, 259 Conn. 288, 305, 788 A.2d 1199 (2002). In this case, the only part of the record arguably suggesting a claim of retaliation was a single statement by the defendant's counsel that he "found it interesting [the office of adult probation] never [sought to revoke the defendant's probation] until [it] received the motion to withdraw." Thus, the defendant never asked the court to rule on such a claim. In the absence of a focus on the issue, we conclude that the evidentiary record is inadequate to review the defendant's claim. Accordingly, we decline to consider the defendant's claim on appeal.[3]

## II

The defendant next claims that the evidence adduced at his probation revocation hearing was insufficient to support the court's finding that he violated his probation. The defendant argues that there was insufficient evidence to demonstrate that he failed to participate in sex offender treatment. We disagree.

To find that a defendant has violated the conditions of probation, the court must determine that the predicate facts underlying the violation have been established by

---

[3] The defendant has not requested review under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), or the plain error doctrine; see Practice Book § 60-5; and, therefore, we will not engage in either level of review. *State* v. *Longo*, 106 Conn. App. 701, 709, 943 A.2d 488 (2008).

a preponderance of the evidence. *State* v. *Davis*, 229 Conn. 285, 302, 641 A.2d 370 (1994). "In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . Our review is limited to whether such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Internal quotation marks omitted.) *State* v. *Faraday*, 268 Conn. 174, 185, 842 A.2d 567 (2004), quoting *State* v. *Hill*, 256 Conn. 412, 425–26, 773 A.2d 931 (2001).

With reference to whether the evidence established a violation of probation, General Statutes § 53a-32a provides in relevant part: "If a defendant who entered a plea of nolo contendere or a guilty plea under the [doctrine of *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970)] to a violation of subdivision (2) of section 53-21 of the general statutes . . . was ordered to undergo sexual offender treatment as a condition of probation, becomes ineligible for such treatment because of such defendant's refusal to acknowledge that such defendant committed the act or acts charged, such defendant shall be deemed to be in violation of the conditions of such defendant's probation . . . ."

Our Supreme Court has held, with respect to the need for a defendant to discuss his offense with his sex offender treatment counselor, that a "defendant is free to maintain the innocence associated with his plea [of guilty under the *Alford* doctrine]; in order to maintain the conditional liberty created by probation . . . however, he [is] required to comply with its conditions."

(Citation omitted; internal quotation marks omitted.) *State* v. *Faraday*, supra, 268 Conn. 206. Our Supreme Court has also noted that a plea under the *Alford* doctrine is "the functional equivalent [to an unconditional] plea of nolo contendere . . . ." (Citation omitted; internal quotation marks omitted.) Id., 205 n.17.

In this case, the court advised the defendant at sentencing that the office of adult probation was going to require him to undergo sex offender counseling, which would require him to make admissions. The defendant also signed a form that listed the terms of his probation, including his undergoing sex offender treatment and counseling as deemed necessary by the office of adult probation. The defendant's testimony during his probation revocation hearing indicates that he refused to discuss the details of his underlying offense at counseling pending the disposition of his motion to withdraw his guilty pleas. As a result, the defendant's sex offender treatment was terminated. Applying the language of § 53a-32a to the facts adduced at the defendant's probation violation hearing, we conclude that there was sufficient evidence for the court to find that the defendant violated the condition of his probation requiring him to undergo sex offender treatment. See id., 206.

The judgment is affirmed.

In this opinion the other judges concurred.