# CONNECTICUT BANK AND TRUST COMPANY *v.* MUNSILL-BORDEN MANSION, LLC, ET AL.
## (AC 34495)

Lavine, Robinson and Schaller, Js.

Argued September 19—officially released December 10, 2013

*Mei-wa Cheng*, for the appellants (named defendant et al.).

*Sarah Black Lingenheld*, with whom, on the brief, was *Ross G. Fingold*, for the appellee (defendant Edward G. Kriedel III).

*Opinion*

SCHALLER, J. In this action on a cross complaint to recover amounts due on a promissory note, the defendants, Munsill-Borden Mansion, LLC (Munsill-Borden), and Claude M. Brouillard, appeal from the judgment of the trial court rendered in favor of the cross claim plaintiff, Edward G. Kriedel III.[1] On appeal, the defendants claim that the trial court improperly (1) excluded parol evidence and (2) applied certain provisions of the Uniform Commercial Code (UCC), General Statutes

[1] The cross claim instituted by Kriedel is the subject of the present appeal. Hereafter, for convenience, we refer to Kriedel as the plaintiff and to Connecticut Bank & Trust Company by name. Because Munsill-Borden Mansion, LLC, and Brouillard were the only defendants on the cross claim, we refer to them, collectively, as the defendants, and individually by name where appropriate.

Matthew Kriedel, Mei-wa Cheng and Ravenwood Properties, LLC, were also named as defendants in the underlying foreclosure complaint, however, they are not parties to this appeal. See footnote 4 of this opinion.

§ 42a-3-101 et seq. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. On December 16, 2005, Munsill-Borden executed a mortgage on its real property in favor of Connecticut Bank & Trust Company in order to secure a $400,000 debt. Approximately two years later, on September 21, 2007, Munsill-Borden executed another mortgage on the same property in favor of the plaintiff in order to secure a $100,000 debt as reflected in a promissory note executed on the same date and made payable to the plaintiff. The note names Munsill-Borden as the maker and is signed by Brouillard as "[m]ember and personal [g]uarantor."

On February 17, 2009, Connecticut Bank & Trust instituted a foreclosure action against Munsill-Borden. In addition to Munsill-Borden, the complaint named, inter alia, Kriedel and Brouillard, in his capacity as a junior lienholder on the property, as defendants. Following the institution of the foreclosure action, the plaintiff filed a cross complaint against the defendants seeking to recover the amount due on the subordinate note and alleging, inter alia, that Brouillard was personally liable on the note as a guarantor. Thereafter, the defendants filed an answer, special defense, and counterclaim to the cross complaint alleging, inter alia, that Brouillard was not personally liable on the note. A trial to the court followed on September 29, 2009. The primary question before the court was whether Brouillard was personally liable on the note.

During trial, the defendants' counsel called Brouillard as the defendants' sole witness. On direct examination, the defendants' counsel asked Brouillard if he intended or agreed to guarantee the note. The plaintiff's counsel objected to this inquiry on parol evidence grounds. The

court sustained the objection, prompting the defendants' counsel to state: "I think it's important . . . for evaluating the promissory notes [and Brouillard's] liability under the [note] to understand its history and how it . . . came into being. If you don't understand the circumstances into which the note was created, then it's very difficult to ascertain why certain things are missing. For example, a personal guarantee agreement which would otherwise be . . . part and parcel of a commercial mortgage and note." The court then altered its earlier ruling and permitted the defendants' counsel to "give that background."

After eliciting background testimony, the defendants' counsel handed Brouillard the note and asked him where he had executed it. During Brouillard's response to the question, the plaintiff's counsel objected on parol evidence grounds. The court sustained the objection, and the defendants' counsel expressed disagreement with the ruling.[2] The court did not alter its ruling after hearing the defendants' counsel. Thereafter, the defendants' counsel began to ask Brouillard if he said any-

---

[2] "[The Defendants' Counsel]: I'm going to show you . . . the promissory note . . . [and] can [you] tell me who . . . prepared [the] note?

"[The Witness]: This note was prepared by [the plaintiff's counsel].

"[The Defendants' Counsel]: Okay. And where did you execute this note?

"[The Witness]: I signed this note on behalf of Munsill-Borden . . . as the maker. My signature appears in the lower right-hand corner of the . . . note . . . . There's also a notation that says by Claude M. Brouillard, member and personal guarantor. Now, while I am the personal guarantor under the first mortgage note . . . [the one] being foreclosed. . . .

"[The Plaintiff's Counsel]: Your Honor, I'm going to continue on my objection. . . . [T]his is beyond the scope of note. . . . The note should rest on its face under the parol evidence rule, plain and simple.

"[The Court]: Okay. Sustained.

"[The Defendants' Counsel]: Okay. Well, Your Honor, [Brouillard] is only testifying as to . . . what is contained within the note.

"[The Court]: Yeah, but it is there.

"[The Defendants' Counsel]: And his understanding of what is contained in the note, Your Honor.

"[The Court]: Objection sustained."

thing to the plaintiff's counsel when they met at a restaurant to execute the note. Before Brouillard could answer, the plaintiff's counsel objected on parol evidence grounds. The court sustained the objection, and the defendants' counsel expressed disagreement with the ruling.[3] The court did not alter its ruling. The defendants' counsel then asked Brouillard if he observed any "guarantee language" in the note. Brouillard answered in the negative and stated that "the only signatory . . . is Munsill-Borden Mansion, LLC." The defendants' counsel subsequently asked Brouillard if it was his "sole intent" to execute the note only on behalf of Munsill-Borden. The plaintiff's counsel, once again, objected on parol evidence grounds. The court sustained the objection, and the defendants' counsel did not express disagreement with the ruling.

Following trial, the court rendered judgment in favor of the plaintiff on the counterclaim and cross complaint. In its memorandum of decision, the court determined that Munsill-Borden and Brouillard, personally, were liable for payment of the note. The court noted the defendants' contention that Brouillard did not personally guarantee the debt or execute the note in his individual capacity. The court, however, determined that "[Brouillard's] testimony [was] not convincing in light of the clear language of the note and [was] constricted

---

[3] "[The Defendants' Counsel]: Okay. . . . [A]t [the time you met with the plaintiff's counsel to execute the note] did you indicate to [him] that . . . .

"[The Plaintiff's Counsel]: Objection, Your Honor, if it has to do with the contents of the note, then Your Honor has already ruled on that and the note stands on itself.

"[The Defendants' Counsel]: I'm not asking [Brouillard] as to the content of the note, only . . . his understanding [of] what he was signing.

"[The Plaintiff's Counsel]: It doesn't . . . matter, Your Honor. The parol evidence rule prevents that. The document must stand on its face.

"[The Court]: Sustained.

"[The Defendants' Counsel]: I'm going to object to that, Your Honor, and I will ask one more clarification from Mr. Brouillard here."

by the parol evidence rule." The defendants subsequently appealed the court's judgment.[4]

## I

The defendants first claim that the court erred in its application of the parol evidence rule. Specifically, the defendants contend that that the court improperly excluded extrinsic evidence that was admissible pursuant to various exceptions to the parol evidence rule. The plaintiff, however, contends that the defendants' parol evidence claim was not preserved for appellate review. We agree with the plaintiff.

"[T]he parol evidence rule prohibits the use of extrinsic evidence to vary or contradict the terms of an integrated written contract. . . . [However] the parol evidence rule does not bar the admission of evidence that varies or contradicts the written terms of an integrated contract if it is offered: (1) to explain an ambiguity appearing in the instrument; (2) to prove a collateral oral agreement which does not vary the terms of the writing; (3) to add a missing term in writing which indicates on its face that it does not set forth the complete agreement; or (4) to show mistake or fraud." (Citations omitted; internal quotation marks omitted.) *Leonetti* v. *MacDermid, Inc.*, 310 Conn. 195, 211, 76 A.3d 168 (2013).

---

[4] The appeal form lists Mei-wa Cheng and Ravenwood Properties, LLC (Ravenwood), as appellants in addition to the defendants. The plaintiff contends that Cheng and Ravenwood lack standing to appeal because they were not parties to the cross claim that is the subject of the present appeal. The defendants did not respond to this argument. We agree with the plaintiff that Cheng and Ravenwood lack standing to appeal. Neither Cheng nor Ravenwood were named as defendants in the cross complaint, and their interests do not appear to be affected by the judgment rendered against the defendants. Accordingly, Cheng and Ravenwood are not aggrieved by the judgment on the cross complaint. We therefore dismiss the appeals of Cheng and Ravenwood for want of aggrievement. See *State* v. *Scott*, 139 Conn. App. 333, 338, 55 A.3d 608 (2012) ("the statutory right to appeal is limited to appeals by aggrieved parties from final judgments" [internal quotation marks omitted]).

On appeal, the defendants contend that the court improperly excluded extrinsic evidence that was admissible to show ambiguity, a collateral agreement, and fraud. The defendants maintain that their expressions of disagreement with the court's parol evidence rulings during trial preserved their claim for appellate review.[5] Our rules of practice provide that we are "not bound to consider a claim unless it was distinctly raised at trial or arose subsequent to the trial." Practice Book § 60-5. We have "said many times that [we] will not review a claim that is not distinctly raised at trial. . . . A claim is distinctly raised if it is so stated as to bring

---

[5] The defendants also direct our attention to their motion for a new trial, motion to open the judgment, and motion to reargue or reconsider the court's judgment where they contend that their parol evidence claim was preserved. In each postjudgment motion, the defendants set forth an allegation that the court's parol evidence rulings were improper and prevented them from "their diligent attempts to offer evidence . . . to issues [they] expected to try, namely ambiguity and assent to the agreement." The motions also set forth allegations that the court's parol evidence rulings prevented them from trying the issues of consideration, "the existence of a guaranty agreement," and that the court misapplied the parol evidence rule.

On January 5, 2010, the court denied the defendants' motion to reargue or reconsider. Although it does not appear that the court ruled on the motion for a new trial or the motion to open the judgment, our review of these motions reveals that the defendants did not distinctly argue that the evidence excluded at trial was admissible pursuant to an exception to the parol evidence rule. See Practice Book § 5-2 ("[a]ny party intending to raise any question of law which may be the subject of an appeal must . . . state the question distinctly to the judicial authority"). The defendants' mere use of the term "ambiguity" and their general allegations that the court "misapplied" the parol evidence rule may have suggested such a claim, but "[a] claim briefly suggested is not distinctly raised." (Internal quotation marks omitted.) *Dockter* v. *Slowik*, 91 Conn. App. 448, 462, 881 A.2d 479, cert. denied, 276 Conn. 919, 888 A.2d 87 (2005). We conclude that the defendants' postjudgment motions failed to preserve their parol evidence claim for appellate review.

We also note that the defendants failed to file a timely posttrial brief. In fact, it was only after the court rendered judgment that the defendants filed a posttrial brief. Thus, the court was not alerted "to potential error while there is still time to act. . . ." (Internal quotation marks omitted.) *Doe* v. *Carreiro*, 94 Conn. App. 626, 632, 894 A.2d 993, cert. denied, 278 Conn. 914, 899 A.2d 620 (2006).

to the attention of the court the precise matter on which its decision is being asked. . . . A claim briefly suggested is not distinctly raised." (Citation omitted; internal quotation marks omitted.) *Dockter* v. *Slowik*, 91 Conn. App. 448, 462, 881 A.2d 479, cert. denied, 276 Conn. 919, 888 A.2d 87 (2005). To preserve a claim alleging an improper evidentiary ruling, "trial counsel must object properly. . . . In objecting to evidence, counsel must properly articulate the basis of the objection so as to apprise the trial court of the precise nature of the objection and its real purpose, in order to form an adequate basis for a reviewable ruling. . . . Once counsel states the authority and ground of [the] objection, any appeal will be limited to the ground asserted. . . . These requirements are not simply formalities. They serve to alert the trial court to potential error while there is still time for the court to act. . . . Assigning error to a court's evidentiary rulings on the basis of objections never raised at trial unfairly subjects the court and the opposing party to trial by ambush." (Internal quotation marks omitted.) *State* v. *Simpson*, 286 Conn. 634, 645, 945 A.2d 449 (2008); see Practice Book § 5-5.

The defendants expressed disagreement with several of the court's parol evidence rulings during trial, but never indicated that the excluded evidence was admissible to show ambiguity, a collateral agreement, or fraud. Although the defendants made a statement which prompted the court to alter its ruling, they did not state any recognizable exception to the parol evidence rule as a basis for admitting the evidence. Instead, the defendants suggested that the circumstances surrounding the note's creation were necessary to evaluate Brouillard's liability and understand the absence of certain documents. This statement did not indicate that the evidence was admissible pursuant to an exception to the parol evidence rule. The defendants' counsel subsequently

stated that the court should admit the excluded evidence because Brouillard was only testifying to "his understanding" of the note. The defendants did not argue that the court should admit the excluded evidence pursuant to any exception to the parol evidence rule. "[W]e have consistently declined to review claims based on a ground different from that raised in the trial court." (Internal quotation marks omitted.) *Baker* v. *Cordisco*, 37 Conn. App. 515, 522, 657 A.2d 230, cert. denied, 234 Conn. 907, 659 A.2d 1207 (1995). The defendants cannot challenge the court's evidentiary rulings by arguing that evidence was admissible pursuant to exceptions to the parol evidence rule that were never asserted during trial. Accordingly, we decline to review the defendants' unpreserved claim that the trial court improperly excluded extrinsic evidence that was admissible pursuant to certain exceptions of the parol evidence rule.

II

The defendants next claim that the court improperly applied several provisions of the UCC. The plaintiff contends that this claim, like the defendants' parol evidence claim, was not preserved for appellate review. We agree with the plaintiff.

Our rules of practice provide that "[a]ny party intending to raise any question of law which may be the subject of an appeal must either state the question distinctly . . . in a written trial brief . . . or state the question distinctly . . . on the record . . . ." Practice Book § 5-2. "It is fundamental that claims of error must be distinctly raised and decided in the trial court. . . . [We] will not address issues not decided by the trial court." (Internal quotation marks omitted.) *State* v. *Faison*, 112 Conn. App 373, 379–80, 962 A.2d 860, cert. denied, 291 Conn. 903, 967 A.2d 507 (2009). "The [appellate] court shall not be bound to consider a claim unless

it was distinctly raised at the trial or arose subsequent to the trial." Practice Book § 60-5.

It is evident from the record that the defendants failed to raise any cognizable UCC claim during any stage of the trial proceedings. Additionally, the record indicates that the court neither considered nor ruled on any provision of the UCC. Indeed, the record is wholly devoid of any reference, express or implied, to the UCC. Accordingly, we decline to review the defendants' unpreserved UCC claim. See *State* v. *Misenti*, 112 Conn. App. 562, 566, 963 A.2d 696, cert. denied, 291 Conn. 904, 967 A.2d 1220 (2009).

The judgment is affirmed.

In this opinion the other judges concurred.