******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

HADCO METAL TRADING CO., LLC
*v.* BARCOL-AIR, LTD.
(AC 37818)

Keller, Prescott and Cremins, J.

*Argued April 4—officially released May 10, 2016*

(Appeal from Superior Court, judicial district of Ansonia-Milford, Hon. Arthur A. Hiller, judge trial referee.)

*Mark T. Kelly*, for the appellant (defendant).

*Jodi S. Tesser*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Barcol-Air, Ltd., appeals from the judgment of the trial court granting the application for a prejudgment remedy filed by the plaintiff, Hadco Metal Trading Co., LLC, in the amount of $250,000. The defendant claims that the court improperly concluded that the purchase orders contained all of the relevant terms of the parties' agreement and that the defendant breached that agreement. Specifically, the defendant's only claim on appeal is that the court should have considered certain provisions of the Uniform Commercial Code (UCC), as codified in General Statutes §§ 42a-2-101 et seq., in interpreting the terms of the underlying agreement between the parties.

The defendant, however, did not raise or cite the applicability of the UCC provisions to the trial court, and, thus, this issue is not properly preserved for appellate review.[1] See *Connecticut Bank & Trust Co.* v. *Munsill-Borden Mansion, LLC*, 147 Conn. App. 30, 38–39, 81 A.3d 266 (2013). Accordingly, we decline to review the defendant's claim and affirm the judgment of the court granting the application for a prejudgment remedy.

The judgment is affirmed.

[1] The plaintiff raised the preservation problem in its appellate brief, and the defendant failed to adequately respond to that argument in its reply brief. Further, at oral argument before this court, the defendant conceded that it had never brought to the trial court's attention the particular provisions of the UCC that it now relies upon to support its on appeal.