******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

A AND R ENTERPRISES, LLC *v.* SENTINEL
INSURANCE COMPANY, LTD.
(AC 42774)

Bright, C. J., and Lavine and Cradle, Js.*

*Syllabus*

The plaintiff auto repair shop sought to recover damages from the defendant
insurance company for breach of a commercial automobile insurance
policy in connection with the defendant's failure to pay the full cost of
repairs that the plaintiff had made to a vehicle owned by the defendant's
insured, which assigned its rights under the insurance policy to the
plaintiff. The defendant asserted as a special defense that the plaintiff's
claim was barred because the insured failed to comply with the voluntary
payment provision of the policy, which required the insured to obtain
the defendant's consent before incurring any expense, except at the
insured's own cost. The trial court rendered judgment in favor of the
defendant, from which the plaintiff appealed to this court. *Held*:

1. This court declined to review the plaintiff's claim that the trial court erred
in concluding that recovery of the full cost of the repairs was precluded
by the insured's failure to comply with the voluntary payment provision
of the policy, as none of the plaintiff's specific claims of error was
distinctly raised before the trial court.

2. The plaintiff could not prevail on its claim that the trial court erred
in concluding that the defendant's reliance on the insured's alleged
noncompliance with the voluntary payment provision of the policy did
not constitute an improper attempt to steer the insured to the defendant's
preferred auto repair shop in violation of the applicable statute (§ 38a-
354 (b)); although the defendant refused to pay the full cost of repairs
charged by the plaintiff, there was no evidence presented at trial that
the defendant required the insured to use a specific person, and, in the
absence of such evidence, the court's determination that the plaintiff
failed to prove a violation of § 38a-354 (b) was not clearly erroneous.

Argued October 29, 2020—officially released January 12, 2021

*Procedural History*

Action to recover damages for breach of an insurance
contract, and for other relief, brought to the Superior
Court in the judicial district of Hartford and tried to
the court, *Hon. Robert B. Shapiro*, judge trial referee;
judgment for the defendant, from which the plaintiff
appealed to this court. *Affirmed*.

*Matthew J. Forrest*, for the appellant (plaintiff).

*Joseph M. Busher, Jr.*, for the appellee (defendant).

*Opinion*

CRADLE, J. In this action seeking recovery of the cost to repair a motor vehicle that was damaged in an accident, the plaintiff, A & R Enterprises, LLC, appeals from the judgment of the trial court, rendered after a court trial, denying its claim for the full cost of the repairs on the ground that the insured, Creative Electric, LLC (insured), which assigned its rights to the plaintiff, failed to comply with the voluntary payment provision of the insurance policy pursuant to which the plaintiff sought recovery from the defendant, Sentinel Insurance Company, Ltd. On appeal, the plaintiff claims that the trial court erred by (1) concluding that the recovery of the full cost of the repairs was precluded by the insured's failure to comply with the voluntary payment provision and (2) rejecting its claim that the defendant's reliance on that provision constituted an improper attempt to steer the insured to the defendant's preferred auto body repair shop in violation of General Statutes § 38a-354 (b). We affirm the judgment of the trial court.

The following factual and procedural history, as set forth by the trial court in its memorandum of decision, is relevant to the resolution of the plaintiff's claims on appeal. "The plaintiff . . . commenced this action for breach of an insurance policy against the defendant . . . in June, 2016, seeking damages in the amount of $3278.58 for repairs made to a motor vehicle owned by [the insured] in June, 2015. The plaintiff is the assignee of [the insured].

"The plaintiff alleges that, on May 7, 2015, [the insured's] vehicle was damaged in a one vehicle accident and the vehicle was covered by a commercial automobile insurance policy issued by the defendant. [The insured] entered into a contract with the plaintiff to complete all reasonable and necessary repairs. The plaintiff alleges that it completed all reasonable and necessary repairs for a total cost of $9681.84, of which only $6403.26 was paid by the defendant. The plaintiff claims that a balance of $3278.58 remains due and owing from the defendant. It also alleges that the defendant's failure to pay for the repairs is an attempt at 'steering' its insured to an auto body shop other than the plaintiff's by placing financial pressure on the insured to choose another repair facility.

"In response, the defendant admits that it issued an auto insurance policy to [the insured] and that the policy covered the damaged vehicle. The defendant generally denies all other allegations or leaves the plaintiff to its proof. In addition, the defendant set forth various special defenses, including, in its fourth special defense, that the plaintiff's claim is barred by applicable policy language providing that no one may bring legal action against the defendant until there has been full compliance with the terms thereof . . . and there has not

been full compliance with all such terms, in that consent was not obtained before the obligations and expenses claimed by the plaintiff were incurred.

"The defendant relies on [§] IV.A.2.b (1) [of the policy, known as the voluntary payment provision], which provides, under Business Auto Conditions, that the defendant 'has no duty to provide coverage under this policy unless there has been full compliance with the following duties,' including that an insured 'must . . . [a]ssume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.' "[1]

Following a one day trial and the submission of post-trial briefs by the parties,[2] the court, on March 19, 2019, issued a memorandum of decision, in which it found in favor of the defendant on its special defense that the insured failed to comply with the provision of the insurance policy that required it to incur no expense without the defendant's consent. Specifically, the court found: "The alleged loss occurred on May 7, 2015. [The defendant's appraiser, Harry] Bassilakis went to the plaintiff's repair facility in Torrington . . . on June 24, 2015, where he met with the insured and inspected the vehicle. He discussed the scope of repairs with the plaintiff's representative, Randall Serkey. While they agreed on the scope of damage, no agreement was reached on the total cost of repairs. Bassilakis provided the defendant's estimate and explained to the insured and to Serkey that the defendant was in a nonagreed position with the insured's body shop of choice and that it was solely the insured's choice as to where to have the vehicle repaired. He advised that a letter [stating this position] would be issued.

"By letter issued the next day, June 25, 2015 . . . the defendant advised the insured that it had been unable to reach an agreed price with the plaintiff, the 'repairer of your choice.' The defendant offered the sum of $4981.42 plus the insured's deductible of $500 as sufficient to repair the vehicle 'at a repair shop located reasonably convenient to you.' Its claim representative asked the insured to contact her to discuss how it wished to proceed. . . .

"While the plaintiff argues that this letter was drafted and sent after the insured had signed a repair contract with the plaintiff . . . evidence of agreement between the plaintiff and the insured does not evidence consent by the defendant. The defendant's position that it did not agree with the plaintiff's price was clearly stated. The plaintiff's arguments that the insured had a reasonable expectation that the defendant would cover the cost of the repairs which the insured incurred and that [it] is reasonable that an insured would believe that he was acting with the defendant's knowledge and consent, are unfounded. The insured did not have the requisite consent from the defendant." (Citations omitted.)

On that basis, the court rendered judgment in favor of the defendant. This appeal followed.

I

The plaintiff first claims that the trial court erred when it denied recovery of the full cost of repairs to the insured's vehicle on the ground that the insured failed to comply with the voluntary payment provision of the insurance policy[3] because (1) it did not consider whether the defendant was prejudiced by the insured's noncompliance with that provision, (2) voluntary payment provisions are applicable only to expenses incurred prior to the insurer being notified of the claim of loss, (3) it failed to apply the "rule of contra proferentem against the [defendant] where the consent provision [was] ambiguous," and (4) compliance with that provision was not a condition precedent to recovery. The defendant argues that the plaintiff's claims were not raised before the trial court and, thus, cannot be considered by this court on appeal. We agree with the defendant.

"Our rules of practice provide that we are not bound to consider a claim unless it was distinctly raised at trial or arose subsequent to the trial. Practice Book § 60-5. . . . A claim is distinctly raised if it is so stated as to bring to the attention of the court the *precise* matter on which its decision is being asked. . . . A claim briefly suggested is not distinctly raised." (Emphasis added; internal quotation marks omitted.) *Connecticut Bank & Trust Co.* v. *Munsill-Borden Mansion, LLC*, 147 Conn. App. 30, 36–37, 81 A.3d 266 (2013). "Our rules of procedure [also] do not allow a [party] to pursue one course of action at trial and later, on appeal, argue that a path he rejected should now be open to him. . . . To rule otherwise would permit trial by ambuscade." (Internal quotation marks omitted.) *Ferri* v. *Powell-Ferri*, 317 Conn. 223, 236–37, 116 A.3d 297 (2015).

Our examination of the trial court record reveals that the plaintiff did not argue to the trial court that the defendant was required and failed to prove prejudice as a result of the plaintiff's alleged noncompliance with the voluntary payment provision of the policy or that voluntary payment provisions apply only to expenses incurred prior to an insurer being notified of a claim of loss. Those claims are not properly before this court, and we therefore decline to review them.

The plaintiff's claims that the voluntary payment provision is ambiguous and is not a condition precedent to recovery are also unpreserved. At trial, the plaintiff argued that the voluntary payment provision of the policy was "designed to allow the insurer to be notified of a claim, suit or accident and to investigate it for purposes of determining coverage, liability, and asserting rights the insurer may have, not to limit the

ability of the insured to rectify damage to the insured property." Alternatively, the plaintiff argued that, even if the policy did require the consent of the defendant "before the repairs could be completed (which it does not), the facts demonstrate that the insured did have the consent of the defendant to have his vehicle repaired."

On appeal, the plaintiff now argues that the voluntary payment provision of the policy is ambiguous in that the term "consent" can mean either consent to repair or consent to the cost of the repairs. In its posttrial brief, the plaintiff argued that the insured was not required to obtain the consent of the defendant to repair the vehicle, and, even if that consent was required by the policy, the insured had obtained it. Later in that brief, the plaintiff cited case law pertaining to the interpretation of contractual terms that may be susceptible to more than one interpretation. Aside from a singular characterization of the voluntary payment provision as "an ambiguous clause tucked into an eighty-three page insurance policy drafted by [the defendant]," the plaintiff did not, however, explicitly allege any ambiguity in the language of the voluntary payment provision of the policy. The plaintiff did not clearly argue—in the position statement that he filed with the court prior to trial, at trial, in his posttrial brief, or in his reply to the defendant's posttrial brief—that the term "consent" in the voluntary payments provision of the insurance policy is ambiguous. The first time the plaintiff distinctly addresses this claim is on appeal. Even if we assume that the plaintiff's reference to case law pertaining to contractual ambiguities pertained to the term "consent" in the voluntary payment provision, as he now argues on appeal, the plaintiff failed to develop that argument. Because the plaintiff, at most, briefly suggested such an argument, it was not distinctly raised. See *Connecticut Bank & Trust Co.* v. *Munsill-Borden Mansion, LLC*, supra, 147 Conn. App. 37. Because the plaintiff raises this distinct claim for the first time on appeal, it was not properly preserved for this court to consider. The plaintiff likewise failed to present a clear or distinct argument at trial that compliance with the voluntary payment provision was not a condition precedent to recovery.[4] Because these claims were not distinctly raised before the trial court, we decline to address them.

II

The plaintiff also claims that the trial court erred in concluding that the defendant's reliance on the insured's alleged noncompliance with the voluntary payment provision of the policy did not constitute an improper attempt to steer the insured to the defendant's preferred auto body repair shop in violation of § 38a-354 (b).[5] We are not persuaded.

Section 38a-354 (b) provides in relevant part that "[n]o insurance company doing business in this state, or agent or adjuster for such company shall (1) require

any insured to use a specific person for the provision of automobile physical damage repairs . . . .'' The question of whether the defendant required the insured to have the repairs done at a specific repair shop is a factual determination that is subject to our clearly erroneous standard of review. "The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . .

"In applying the clearly erroneous standard of review, [a]ppellate courts do not examine the record to determine whether the trier of fact could have reached a different conclusion. Instead, we examine the trial court's conclusion in order to determine whether it was legally correct and factually supported. . . . This distinction accords with our duty as an appellate tribunal to review, and not to retry, the proceedings of the trial court." (Internal quotation marks omitted.) *DeMattio* v. *Plunkett*, 199 Conn. App. 693, 711, 238 A.3d 24 (2020). "Under the clearly erroneous standard of review, a finding of fact must stand if, on the basis of the evidence before the court and the reasonable inferences to be drawn from that evidence, a trier of fact reasonably could have found as it did." (Internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Lorson*, 183 Conn. App. 200, 210, 192 A.3d 439, cert. granted on other grounds, 330 Conn. 920, 193 A.3d 1214 (2018).

At trial, the plaintiff argued that the defendant constructively steered the insured away from one repair shop to another by setting a price cap on the cost of repairs. The plaintiff argued: "The price cap does not allow the insured to receive service from their auto body shop of choice without a penalty and thereby steers the insured from using the auto body shop they have chosen. With this price cap, the options for repair shops for the insured are limited and the defendant is in violation of . . . § 38a-354 [(b)]."

The trial court rejected the plaintiff's steering claim, finding that there was no evidence of any violation of § 38a-354 (b). The court cited to Bassilakis' testimony that it was the right of the insured to choose the repair shop and to the estimate that he prepared and provided to the plaintiff and the insured, which "clearly stated this."[6]

On appeal, the plaintiff contends that the trial court erred in so finding because the letter sent by the defendant refusing to pay the estimate provided by the plaintiff "limits consumer choice in repair shops. It specifies that the insurer will not cover the cost of repair at the

consumer's chosen shop, and also directs the consumer to the insurer's (unnamed) shop that offers a 'written guarantee'." The plaintiff argues that "[a]llowing insurers to set price caps, dictate repair shops, or both, violates the anti-steering statute . . . ." We disagree.

Although the defendant refused to pay the full cost of the repairs charged by the plaintiff—the insured's repair shop of choice—there was no evidence presented at trial that the defendant "require[d]" the insured to "use a specific person" to repair the vehicle. General Statutes § 38a-354 (b). In the absence of any such evidence, the trial court's determination that the plaintiff failed to prove a violation of § 38a-354 (b) was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] Other special defenses were stricken by the court.

[2] The parties also filed position statements with the court prior to trial.

[3] We note that, "[a]lthough the general rule is that a defendant who pleads a special defense bears the burden on that issue, we have recognized an exception in the context of a special defense based on a claim that an insured has failed to comply with the terms of the insurance policy. . . . When an insured brings an action against an insurer for breach of the insurance contract, the insured bears the burden of proving that it complied with the terms of the contract, including the conditions. . . . When a defendant pleads failure to comply with the terms of an insurance policy as a special defense, the usual presumption of compliance is extinguished, and the insured carries the burden of proving compliance with the insurance contract, including the conditions precedent to coverage." (Citations omitted; internal quotation marks omitted.) *National Publishing Co.* v. *Hartford Fire Insurance Co.*, 287 Conn. 664, 673–74, 949 A.2d 1203 (2008).

The plaintiff argues that the trial court mistakenly relied on this language from *National Publishing Co.* because "the Connecticut Supreme Court . . . in 2012 explicitly overturned the *National Publishing* [*Co.*] burden of proof paradigm." We disagree. Although our Supreme Court in *Arrowood Indemnity Co.* v. *King*, 304 Conn. 179, 203, 39 A.3d 712 (2012), abandoned its prior jurisprudence that the insured must prove a lack of prejudice to the insurer from the insured's failure to comply with a condition of the contract, it did not abandon the burden discussed previously and relied on by the trial court that the insured bears the burden of proving compliance with the condition.

[4] We also note that the plaintiff has provided no legal authority in support of the argument that the voluntary payment provision was not a condition precedent to recovery. Thus, even if it had been properly preserved, it is not adequately briefed. See *Gorski* v. *McIsaac*, 156 Conn. App. 195, 209, 112 A.3d 201 (2015) ("We are not obligated to consider issues that are not adequately briefed. . . . [M]ere conclusory assertions regarding a claim, with no mention of relevant authority and minimal or no citations from the record, will not suffice." (Internal quotation marks omitted.)).

[5] The plaintiff also argues that "[p]ublic policy favors the reversal of the trial court's decision, which creates uncertainty for insured consumers while offering insurers a way to avoid liability for otherwise covered claims . . . ." Because this claim was not raised before the trial court, we decline to review it.

[6] The estimate prepared by Bassilakis on behalf of the defendant provided, inter alia: "YOU HAVE THE RIGHT TO CHOOSE THE LICENSED REPAIR SHOP WHERE THE DAMAGE TO YOUR MOTOR VEHICLE WILL BE REPAIRED."